## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

SAYLOR R. WHITE,                  :    Case No. 3:21-cv-228
                                  :
      Plaintiff,            :
                                  :
                                  :
vs.                               :    District Judge Walter H. Rice
                                  :    Magistrate Judge Peter B. Silvain, Jr.
                                  :
FELICIA A. WHITE, *et al.*,       :
                                  :
      Defendants.           :
                                  :

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court for a *sua sponte* review of *pro se* Plaintiff Saylor R. White's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Previously, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. #1), which the Court granted by Notation Order. The Court stayed service of the Complaint pending this initial review under § 1915(e)(2).

## I.    <u>Background</u>

Plaintiff brings this action against seven Defendants, including Felicia A. White, Cheryl R. Washington, Jimmie Christon, Judge Mary Katherine Huffman, Larry White, a "Branch" of Key Bank in Dayton, and "Key Bank Headquarters," for claims arising out of the distribution of Plaintiff's late father's trust. Since Plaintiff has been permitted to proceed IFP, the Court must first perform an initial screen of the claims set forth in his Complaint under 28 U.S.C. § 1915(e)(2).

## II.    <u>Standard of Review</u>

In accordance with 28 U.S.C. § 1915(e)(2), the Court must dismiss Plaintiff's Complaint if his claims (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

granted; or (3) seek monetary relief from a defendant who is immune from such relief. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Pursuant to Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short plain statement of the grounds for jurisdiction." "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Accordingly, in addition to § 1915(e)(2) review, the Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Williams v. Cincy Urban Apts.,* No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (Weber, D.J.) (citing *Carlock v. Williams,* 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999)(table)).

## III.    Discussion

Upon review of Plaintiff's Complaint, the undersigned finds that there is no plausible legal basis for establishing subject-matter jurisdiction over this action.  On his civil cover sheet, Plaintiff attempts to invoke the federal-question jurisdiction by citing to 28 U.S.C. § 4101 and stating that he was "slandered[,] libeled[, and] defamed of character." (Doc. #1, *PageID* #4).  Similarly, in his Complaint, Plaintiff alleges, albeit without citing to 28 U.S.C. § 4101 or any federal law, that Defendants Felicia A. White and Cheryl R. Washington, with the assistance of Larry White, filed a "Fraudulent Lawsuit" in which they slandered, libeled, and defamed him. (Doc. #1-2, *PageID* #s 9-15; 35-39).  Plaintiff further contends that his lawyer, Defendant Jimmie Christon, along with Defendant Judge Mary Katherine Huffman, conspired with Ms. White and Ms. Washington in the "Fraudulent Lawsuit" by coercing him to enter into an agreement that served to deprive him of any inheritance from his father's trust.  *See id*. at 9-12.  Additionally, despite being set forth in uncertain terms, Plaintiff also appears to allege claims of fraud and legal malpractice against the various Defendants.[2] *See id*. at 9-39. Finally, Plaintiff contends that Key Bank was negligent and failed to exercise ordinary care under the Ohio Uniform Commercial Code through its custody and dispersal of his father's trust funds, thus also contributing to his disinheritance. *See id*. at 17-20.

Despite maintaining that this Court has federal-question jurisdiction over this action, Plaintiff has not identified any claims arising under federal laws or the United States Constitution

---

[2] Specifically, Plaintiff enumerates the following causes of action: (1) "Filing Fraudulent Lawsuit" against Defendant Felicia A. White; (2) "Filing Fraudulent Complaints" against Defendant Felicia A. White; (3) "Bank Negligence/Failure to Exercise Ordinary Care Ohio Uniform Commercial Code" against Defendant Key Bank; (4) "Being Biased in a Fraudulent Lawsuit as well as, Concessions, Rulings, Decisions, Judgments, and Favors to Co-Conspirators" against Defendant Judge Mary K. Huffman; (5) "Being a Corrupt, Deceptive, Unscrupulous, Unconscionable, Malice driven Attorney at Law with no Moral Ground to Stand" against Defendant Cheryl R. Washington; (6) "Being a Unscroupulous, Deceptive, Unconscionable, Corrupt, and Unethical, Attorney at law, hired and Paid to Defend the Fraudulent Lawsuit, not support the opposition Felicia White" against Defendant Jimmie Christon; and (7) "Being the Instigator and Catalyst for this Fraudulent Lawsuit" against Defendant Larry White. (Doc. #1-2, *PageID* #s 13-39) (errors contained in original).

3

that are sufficient to establish subject-matter jurisdiction under 28 U.S.C. § 1331.  Indeed, while Plaintiff attempts to set forth a number of state-law claims, his Complaint is devoid of reference to any federal laws, regulations, or provisions under the United States Constitution. Again, the only reference he makes to a federal law is contained in his civil cover sheet where he cites to 28 U.S.C. § 4101.  However, 28 U.S.C. § 4101 merely defines "defamation" in the context of when a federal court or a court of any State may recognize a foreign defamation judgment; *i.e.*, a defamation judgment rendered by a court, administrative body, or other tribunal of a foreign country. 28 U.S.C. § 4101(1).  It is not itself a private right of action that would confer federal-question jurisdiction.  Moreover, there is no allegation in Plaintiff's Complaint involving a foreign defamation judgment.  Since neither 28 U.S.C. § 4101 nor any of the state-law claims alleged in his Complaint confer federal-question jurisdiction, Plaintiff is unable to establish this Court's subject-matter jurisdiction under 28 U.S.C. § 1331.

Further, to the extent that Plaintiff relies on diversity of citizenship under 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction, his claim fails. A plaintiff invokes diversity of citizenship jurisdiction where (1) the amount in controversy exceeds the required jurisdictional amount, currently $75,000; and (2) there is complete diversity of citizenship, meaning that no party plaintiff may be a citizen of the same state as any of the defendants. 28 U.S.C. § 1332(a)(1); *see also Arbaugh*, 546 U.S. at 501; *Evanston Ins. Co. v. Housing. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017) ("A federal court has [diversity] jurisdiction only if complete diversity exists, only if each of the plaintiffs comes from a different State from each of the defendants") (internal citation omitted).

Here, Plaintiff seeks, *inter alia*, compensatory damages in the amount of $22,800,000. (Doc. #1-2, *PageID* #40).  While this amount exceeds the required jurisdictional amount, Plaintiff

fails to provide any factual allegations to support his damage calculation.  Moreover, Plaintiff has failed to satisfy the complete diversity requirement as he admits that both he and at least four of the Defendants are residents of Ohio.  *Id*. at 7-8.  Notably, Plaintiff does not allege that any of the Defendants residing in Ohio may be domiciled elsewhere for purposes of determining their state of citizenship.  Accordingly, Plaintiff has failed to plausibly allege diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction.

Based on the foregoing, the undersigned finds that Plaintiff's Complaint does not satisfy Fed. R. Civ. P. 8(a)(1) because it fails to assert any claim with an arguable basis in law over which this Court possesses subject-matter jurisdiction.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing his claims in state court; and

2. The case be terminated on the Court's docket.

January 5, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).